# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| **DANIEL BRIODY,**<br><br>    Plaintiff,<br><br>vs.<br><br>**LAKEWOOD TOWNSHIP MUNICIPAL UTILITIES AUTHORITY,**<br><br>    Defendant. | Civil Action No.:<br><br>**COMPLAINT**<br><br>**Jury Trial Demanded** |

Plaintiff DANIEL BRIODY ("Plaintiff" or "Briody"), by and through his attorneys, upon personal knowledge as to himself and upon information and belief as to other matters, brings this Complaint against Defendant, LAKEWOOD TOWNSHIP MUNICIPAL UTILITIES AUTHORITY ("Lakewood" or "Defendant"), and alleges as follows:

## INTRODUCTION

1.  Plaintiff brings this lawsuit seeking recovery against Defendant for Defendant's violation of the Fair Labor Standards Act, as amended (the "FLSA" or the "Act"), 29 U.S.C. §201 et. seq.

## JURISDICTION AND VENUE

2.  This Court has subject matter jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and by 29 U.S.C. § 216(b).

3.  Venue is proper in the District of New Jersey pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

1

4. At all times material hereto, Plaintiff performed non-exempt field technician duties for the Defendant in Lakewood, Ocean County, New Jersey. Defendant is therefore within the jurisdiction and venue of this Court.

5. At all times pertinent to this Complaint, Plaintiff comes within the protections of the FLSA as he is subject to individual coverage as his job duties required routine work using tools and equipment that have moved through interstate commerce.

## PARTIES

6. Plaintiff Briody is an adult individual who is a resident of Lakewood, Ocean County, New Jersey.

8. Plaintiff Briody was employed by Defendant full time as a field technician, from in or about July, 2006, through in or about February, 2017.

9. The Defendant is headquartered in Lakewood, Ocean County, New Jersey.

10. At all times relevant to this Complaint, the Defendant was and is an employer under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.

## FACTS

7. Based upon the information preliminarily available, and subject to discovery in this cause, the Defendant did not properly compensate Plaintiff for all overtime hours he worked in a work week.

8. Plaintiff Briody was an hourly worker, his last hourly rate prior to ending his employment relationship with Defendant, being $18.75.

9. Plaintiff Briody worked five (5) days per week.

10. Plaintiff Briody was scheduled to work from 8:00 am until 4:30 pm.

11. Plaintiff arrived at work usually approximately fifteen (15) to twenty (20) minutes, or more, early each day and started to work upon his arrival.

12. During this pre-shift time, Plaintiff would perform daily preparation work for the day, including, but not limited to, inspecting the truck, loading the truck, and otherwise preparing the truck for the day's work.

13. Additionally, at least four (4) times per month, Plaintiff was required to open large gates to job sites, prior to his shift, and was not paid for this time.

14. Often times, Plaintiff worked approximately ten (10) minutes after his shift.

15. During this post-shift work, often times Plaintiff was not able to return to the yard at the time of the end of his shift, usually at 4:40, or ten (10) minutes late, due to his finishing work at a particular job site and/or encountering traffic.

16. Plaintiff was not compensated for any of this post-shift work that he performed for the benefit of Defendant.

17. At all times material hereto, Plaintiff was performing his duties for the benefit of and on behalf of Defendant.

18. This cause of action is brought to recover from Defendant, overtime compensation, liquidated damages, and the costs and reasonable attorneys' fees under the provisions of 29 U.S.C. §216(b), on behalf of Plaintiff during the material time.

19. The records, if any, concerning the number of hours worked by Plaintiff are in the possession and custody of Defendant.

20. The records, if any, concerning the compensation actually paid to Plaintiff, are in the possession and custody of Defendant.

21. At all times pertinent to this complaint, Defendant failed to comply with Title 29 U.S.C. §§ 201-209, in that Plaintiff performed services and labor for Defendant for which Defendant made no provision to pay Plaintiff and compensation to which he was lawfully entitled for all of his hours worked in excess of forty (40) within a work week.

22. Plaintiff has retained the law office of Jaffe Glenn Law Group, P.A. to represent him individually and incurred attorneys' fees and costs in bringing this action. Pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to recovery of reasonable attorneys' fees and costs.

## COUNT I
## RECOVERY OF OVERTIME COMPENSATION
## PURSUANT TO THE FLSA

23. Plaintiff re-alleges and incorporates here by reference, all allegations contained in the above Paragraphs.

24. Plaintiff is entitled to be paid additional compensation for all overtime worked per work period.

25. Defendant knowingly and willfully failed to pay Plaintiff at time and one half of his regular rate of pay for his overtime worked in a work period.

26. By reason of the said intentional, willful, and unlawful acts of Defendant, Plaintiff has suffered damages plus incurring costs and reasonable attorneys' fees.

27. As a result of Defendant's willful violations of the Act, Plaintiff is entitled to liquidated damages.

## JURY TRIAL

28. Plaintiff demands a jury trial.

WHEREFORE, Plaintiff, DANIEL BRIODY, demands judgment, against Defendant LAKEWOOD TOWNSHIP MUNICIPAL UTILITIES AUTHORITY, for the payment of compensation for all hours due him, for which he has not been properly compensated, liquidated damages, reasonable attorneys' fees and costs of suit, and for all other appropriate relief.

Dated: September 13, 2018

Respectfully submitted,

/s Andrew I. Glenn
Andrew I. Glenn
E-mail: AGlenn@JaffeGlenn.com
New Jersey Bar No.: 026491992
Jodi J. Jaffe
E-mail: JJaffe@JaffeGlenn.com
New Jersey Bar No.: 022351993
**JAFFE GLENN LAW GROUP, P.A.**
301 N. Harrison Street, Suite 9F, #306
Princeton, New Jersey 08540
Telephone: (201) 687-9977
Facsimile: (201) 595-0308
*Attorneys for Plaintiff*